UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE OF CROELL REDI-MIX, INC., an Iowa Corporation, | CIV. 12-5074-JLV |
| Plaintiff, | |
| vs. | ORDER |
| HIGH PLAINS CONCRETE, LLC, a Wyoming Limited Liability Company; BOBBY G. RYAN, | |
| Defendants. | |

Plaintiff Croell Redi-Mix, Inc., filed a motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.   (Docket 18).   The court entered default judgment pursuant to Fed. R. Civ. P. 55(b)(2) in favor of plaintiff Croell Redi-Mix, Inc., and against defendants High Plains Concrete, LLC, and Bobby G. Ryan.   (Docket 27).   The court finds it is not necessary to conduct a hearing pursuant to Rule 55(b)(2) because plaintiff's affidavit appropriately supports plaintiff's right to recover a money judgment.   Fed. R. Civ. P. 55(b)(2).

Plaintiff entered into a contract with defendant High Plains Concrete, LLC, to supply and deliver readi-mix concrete for a paving project at the Ellsworth Air Force Base in South Dakota.   (Docket 8 ¶¶ 9, 11 and 12).   Plaintiff fully performed under its contract.   Id. ¶ 13.   The sum remaining due and owing to plaintiff is the principal sum of $84,160.76.   Id. ¶ 17.   Under a confidential business credit application, High Plains Concrete, LLC, and Bobby G. Ryan, as a

personal guarantor, agreed that in the event of default under the contract and the need for plaintiff to initiate legal proceedings for the collection of any unpaid sum, that plaintiff would be entitled to "interest, attorneys' fees and cost of suit." (Docket 8-3).

Under South Dakota law, prejudgment interest is allowed "from the day that the loss or damage occurred . . . ."   SDCL § 21-1-13.1.   That section further provides: "[p]rejudgment interest on damages arising from a contract shall be at the contract rate, if so provided in the contract; otherwise, if prejudgment interest is awarded, it shall be at the Category B rate of interest specified in § 54-3-16."   The confidential business credit application did not specify a prejudgment interest rate on damages.   (Docket 8-3).   South Dakota law directs prejudgment interest be calculated pursuant to SDCL § 54-3-16. SDCL § 21-1-13.1.   "Category B rate of interest is ten percent per year . . . ." SDCL § 54-3-16.

Plaintiff submitted its calculations of prejudgment interest at 10 percent per year on the principal sum requested.   (Docket 19 ¶ 3).   Those calculations accurately apply the South Dakota prejudgment rate though April 30, 2014.   Id. Plaintiff is entitled to prejudgment interest for an additional thirty days, to May 30, 2014, which the court finds to be reasonable and proper under the circumstances, as follows:

| Date | Amount | Daily Rate | Days | Prejudgment Interest |
|------|--------|------------|------|----------------------|
| 11/08/11 | $ 7,698.61 | $2.11 | 934 | $ 1,970.74 |
| 11/15/11 | $14,480.53 | $3.97 | 927 | $ 3,680.19 |

2

| | | | |
|---|---|---|---|
| 11/18/11 | $5,940.74 | $1.62 | 924 | $ 1,496.88 |
| 11/22/11 | $16,072.68 | $4.40 | 920 | $ 4,048.00 |
| 11/29/11 | $10,111.92 | $2.77 | 913 | $ 2,529.01 |
| 12/02/11 | $4,544.80 | $1.25 | 910 | $ 1,137.50 |
| 12/02/11 | $1,090.96 | $0.30 | 910 | $ 273.00 |
| 12/06/11 | $1,172.60 | $0.32 | 906 | $ 289.92 |
| 12/07/11 | $820.82 | $0.22 | 905 | $ 199.01 |
| 12/07/11 | $1,203.80 | $0.33 | 905 | $ 298.65 |
| 12/08/11 | $938.08 | $0.25 | 904 | $ 226.00 |
| 12/12/11 | $961.74 | $0.26 | 900 | $ 234.00 |
| 12/20/11 | $1,172.60 | $0.32 | 892 | $ 285.44 |
| 01/06/12 | $1,068.60 | $0.29 | 875 | $ 253.75 |
| 01/09/12 | $2,345.20 | $0.64 | 872 | $ 558.08 |
| 01/10/12 | $1,172.60 | $0.32 | 871 | $ 278.72 |
| 01/10/12 | $4,690.40 | $1.28 | 871 | $ 1,114.88 |
| 01/12/12 | $6,566.56 | $1.80 | 869 | $ 1,564.20 |
| 01/12/12 | $854.10 | $0.23 | 869 | $ 199.87 |
| 01/12/12 | $852.42 | $0.23 | 869 | $ 199.87 |
| Total Prejudgment Interest | | | | $20,837.71 |

Plaintiff submitted an affidavit of attorney Thomas E. Brady for which it seeks an award of attorneys' fees and costs against the defendants.   (Docket 19). Mr. Brady submitted detailed billing statements reflecting his law firm's work on behalf of plaintiff.   (Docket 19-1).

The court must decide the reasonable hourly rate which should be applied to any fee award.   Hensely v. Eckerhart, 461 U.S. 424, 433 (1983) ("It remains for the district court to determine what fee is 'reasonable.' ").   This starting point is useful because "[t]his calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services."   Id.

Plaintiff's submission properly requests different hourly rates to reflect the various levels of legal experience of the attorneys and paralegals involved in this litigation.   (Docket 19-1).   The court finds plaintiff has "produce[d] satisfactory

3

evidence . . . that [counsels'] requested rates are in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience, and reputation."  <u>Blum v. Stenson</u>, 465 U.S. 886, 896 n.11 (1984). The court finds the hourly rates for each attorney as set forth in the billing statements are appropriate for their professional services and for use in this analysis.

The next step is to multiply that reasonable hourly rate by "the number of hours reasonably expended on the litigation . . . ."  <u>Hensley</u>, 461 U.S. at 433. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."  <u>Id.</u>  If "the documentation of hours is inadequate, the district court may reduce the award accordingly."  <u>Id.</u>  The billing statements submitted by plaintiff's attorneys reflect date certain and detailed descriptions of all services provided.

In conducting a review of the detailed billing statements, the court completed a thorough evaluation of the entries and the activities described.   The court finds the hours expended by the law firm are reasonable and appropriate for a case of this nature.   Plaintiff is entitled to recover the following attorney's fees, sales tax and costs:

| | |
|---|---|
| Attorneys' Fees | $ 8,067.00 |
| 6% SD sales tax | $    484.02 |
| Costs | $    787.42 |
| Total | $ 9,338.44 |

Accordingly, it is hereby

ORDERED that plaintiff Croell Redi-Mix, Inc., is entitled to a money judgment against defendants High Plains Concrete, LLC, and Bobby G. Ryan, jointly and severally, for the following amounts:

| | |
|---|---|
| Compensatory Damages | $ 84,160.75 |
| Prejudgment Interest | $ 20,837.71 |
| Attorneys' Fees & Costs | $   9,338.44 |
| Total Money Judgment | $114,336.90 |

Dated April 10, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE